**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| NAOMI STURGILL, | Case No: 1:18-cv-607 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

On September 26, 2019, this Court entered judgment reversing the Commissioner's decision and remanding the matter to the agency for an immediate award of benefits (Docs. 19-20). After remand by this Court, the Commissioner found Plaintiff was entitled to widow's insurance benefits and supplemental security income benefits beginning December 2014. (Doc. 24-1, Notice of Change in Benefits).

On March 8, 2021, Plaintiff's attorney filed the instant motion for attorney fees seeking an award of $6,375.40, pursuant to 42 U.S.C. § 406(b), for 13.75 hours of work performed on Plaintiff's behalf before this Court. (Doc. 24). Plaintiff's attorney also indicated that he would credit Plaintiff the amount of $1,937.00 he received in attorney fees under the Equal Access to Justice Act (EAJA). (Id. at p. 1, 4). Plaintiff's attorney further indicated that he has petitioned the Agency for $6,000.00 for work performed at the administrative level. (Doc. 24, p. 4).

The Commissioner filed a response that acknowledged that the Commissioner has no financial interest in whether or not Plaintiff's motion for § 406(b) fees is granted, since such fees are paid out of Plaintiff's past-due benefits award  - unlike EAJA fee awards

which are paid by the Commissioner. (Doc. 26). The Commissioner does not oppose the total amount requested for $6,375.40. However, the Commissioner notes that Plaintiff's attorney incorrectly indicated that he received only $1,937.00 in EAJA fees. (Doc. 24, p. 1, 4). Notably, on December 22, 2019, this Court entered an order granting the parties' Joint Motion for an Award of Attorney's Fees Pursuant to the EAJA awarding Plaintiff $2,337.00 in attorney fees and expenses, and $400 in costs, for a total amount of $2,737.00 (Doc. 22). The Commissioner's attorney contacted Plaintiff's attorney regarding the discrepancy, and he agreed that the total amount he received in EAJA fees was $2,337.00, and that the total $2,337.00 will be refunded to Plaintiff. Thus, the Commissioner does not oppose Plaintiff's attorney's motion for 406(B) fees, subject to Plaintiff's attorney refunding to Plaintiff the correct amount of EAJA fees for $2,337.00.

As this Court recently reiterated in a published decision, courts have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test;[1] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. The requested award easily satisfies the *Hayes* test, arguably eliminating any need to

---

[1] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

review other factors in the case presented.[2]

Having independently reviewed Plaintiff's motion, the undersigned concludes that the motion should be granted in full because the requested fee is within the 25% statutory cap on fee awards for work performed in federal court, and is otherwise reasonable.  *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).").  However, for the convenience of the parties and of the Court, the duplicate EAJA fee previously awarded to counsel should be applied as an offset against the total award.[3]

Accordingly, **IT IS RECOMMENDED THAT**: Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 24) should be **GRANTED**.  Counsel should be awarded a gross fee of $6,375.40, under 42 U.S.C. §406(b).  Applying the offset of $2,337.00, the amount of the EAJA award previously awarded yields a net fee award totaling **$4,038.00**, which should be paid to counsel out of Plaintiff's past-due benefits award.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

[2] *See Ringel,* 295 F. Supp.3d at 828-29 ("If the contingency fee agreement produces an award that is less than the sum of 2 times the 'standard rate [under *Hayes*],' then the windfall analysis is complete").

[3] The prior EAJA award was paid by the Commissioner.  However, all fees awarded under 42 U.S.C. §406(b) are paid directly by the plaintiff and reduce the total amount of benefits to the disabled individual.  Applying an offset rather than requiring a refund serves the dual purpose of balancing the purpose of the EAJA and preserving benefits awarded under the Social Security Act.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| NAOMI STURGILL, | Case No: 1:18-cv-607 |
| Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).